Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **VICTORIA SPIVA,** | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR VIOLATION** |
| | ) | **OF FEDERAL FAIR DEBT** |
| vs. | ) | **COLLECTION PRACTICES ACT** |
| | ) | **AND ROSENTHAL FAIR DEBT** |
| **NATIONAL ENTERPRISE SYSTEMS, INC.,** | ) | **COLLECTION PRACTICES ACT** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d).

## III. PARTIES

3.      Plaintiff, Victoria Spiva ("Plaintiff"), is a natural person residing in Shasta county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.      At all relevant times herein, Defendant, NATIONAL ENTERPRISE SYSTEMS, INC.,("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, illegally debiting Plaintiff's account for a debt that she never agreed to pay. Plaintiff did grant authority for Defendant to make a one-time debit on her account to close out a debt in-full, but Defendant made multiple withdrawals from Plaintiff's account, including taking money for debts which Plaintiff had not given express authority to take money for (§1692f));

b) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

c) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)); Defendant's violations include, but not limited to, illegally debiting Plaintiff's account for a debt that she never agreed to pay. Plaintiff did grant authority for Defendant to make a one-time debit on her account to close out a debt in-full, but Defendant made multiple withdrawals from Plaintiff's account, including taking money for debts which Plaintiff had not given express authority to take money for (§1692f));

d) Failing to notify Plaintiff in writing not more than ten nor less than three days before depositing a post-dated check that was post-dated by more than 5 days (§1692f(2));

e) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A)); and

f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§1692e(10); Defendant's violations include,

but are not limited to, representing to Plaintiff that Defendant would only make a one-time debit to satisfy a debt in full and not make any further withdrawals;

g) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§ 1692e(11)); and

h) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11));

6. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

7. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

8.    Plaintiff reincorporates by reference all of the preceding paragraphs.

9.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY</u>**

Respectfully submitted this 14th day of May, 2010.

By: __/s/Todd M. Friedman_____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**